UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN DEANDRE STEVENSON,

        Petitioner,                           Case Number 09-13358
                                                                    Honorable David M. Lawson

v.

CINDI S. CURTIN,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Petitioner Adrian Deandre Stevenson, presently confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a). Afer the petitioner was found guilty by a jury in the Wayne County, Michigan circuit court, the court sentenced him to 45 to180 months in prison. The petition raises two claims, both of which were decided by the state courts: (1) the petitioner's rights under the Due Process Clause were violated because he did not receive adequate notice of the charges when the prosecutor changed the date of the offense during post-conviction proceedings; and (2) he was deprived of the effective assistance of counsel when his trial counsel presented alibi evidence for the wrong time period and failed to ascertain the correct date of the offense. The respondent filed an answer to the petition arguing that the state courts reasonably adjudicated the petitioner's claims. The Court finds that none of the petitioner's claims have merit. The Court will therefore deny the petition.

I.

      The criminal information filed against the petitioner charged him with committing first-degree criminal sexual conduct in the "winter 2004." At the preliminary examination held on

December 13, 2005, T.G. testified that he was twelve years old and in the fifth grade. T.G. described how in the shared basement of a duplex the petitioner forced him to the ground on his stomach, removed his shorts, and raped him. T.G. testified that the incident occurred when he was eleven years old, in the "winter of 2004," when he was in the fourth grade. T.G. could not pin down the time frame any further, testifying that "[a]ll I remember when it was in the wintertime." On cross-examination, T.G. agreed that the incident occurred "last year, 2004."

At trial, the prosecutor proceeded under the theory that the incident occurred during the winter of 2003-2004. T.G. testified about the assault, but he was unable to specify the time it occurred. Other witnesses for the prosecution testified about how the incident came to light in the summer of 2005. T.G. was caught by his mother fondling his young cousin. When questioned by his aunt, T.G. revealed that he had been raped by the petitioner.

The petitioner presented evidence indicating that he attended high school in Pittsburgh, Pennsylvania during the 2003-2004 school year. His grandmother testified that the petitioner did not return to Detroit until September 2004. Despite that evidence, the jury chose to believe T.G., and it found the petitioner guilty as charged. The trial court sentenced him to a prison term of 45 to 180 months.

Counsel was appointed for the petitioner to pursue a direct appeal. Appellate counsel filed a motion for a new trial and sought an evidentiary hearing to support a claim that the petitioner's trial counsel was ineffective by failing to support the alibi defense more effectively by obtaining the petitioner's school attendance records and interviewing his father and stepmother with whom he lived in Pittsburgh. The prosecutor's response conceded that an evidentiary hearing on the petitioner's claim was warranted.

Subsequently, appellate counsel received the petitioner's high school records from Pittsburgh, which showed that he attended high school there during the 2003-2004 academic year. At a hearing on the petitioner's new trial motion, the prosecutor took the position, contrary to the theory presented at trial, that the offense occurred in January of 2005. The prosecution conceded that an evidentiary hearing should be held on the ineffective assistance of counsel claim. However, the petitioner abandoned his request for a hearing, and instead he asserted that he was entitled to a new trial as a matter of due process because the prosecutor changed his theory. But the trial court held that the petitioner had adequate notice of the charges because "winter 2004" could refer to the winter of 2004-2005, and because T.G.'s preliminary examination testimony that the incident occurred when he was eleven years old and in the fourth grade also was consistent with the offense occurring pointed to the winter of 2004-2005, and not 2003-2004.

The petitioner then filed a claim of appeal in the Michigan Court of Appeals. His appellate brief raised the following claims:

> I.   Allowing the prosecution to change the date of the offense without granting the defendant a new trial violated Mr. Stevenson's constitutional rights to due process and to present a defense. It was also contrary to Michigan Compiled Law 767.76.
>
> II.  Trial counsel was constitutionally ineffective for either failing to present evidence of an alibi, or for presenting an alibi for a time one year before the crime allegedly occurred. Counsel was also ineffective for failing to demand a bill of particulars.

The court of appeals affirmed the petitioner's convictions in an unpublished opinion. *People v. Stevenson*, No. 270380, 2007 WL 4548071 (Mich. Ct. App. Dec. 27, 2007). The petitioner subsequently filed an application for leave to appeal, raising the same claims he asserted in the court of appeals. The Michigan Supreme Court denied leave to appeal. *People v. Stevenson*, 481 Mich. 878, 748 N.W.2d 848 (2008).

The petitioner then filed his petition for habeas relief, asserting the same two claims he presented to the state appellate courts.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court has explained that an unreasonable application of federal law is different from an incorrect application of federal law. Under that language, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. The Supreme Court has continued to emphasize the limited nature of this review. In its recent unanimous decision in *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770 (2011), the Court reiterated that the AEDPA requires federal habeas courts to review state court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Sixth Circuit observed recently that "[t]his is a very high standard, which the [Supreme] Court freely acknowledges." *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012). The *Peak* court suggested that *Richter* holds that the review standard "is even more constricted than AEDPA's plain language already suggests." *Ibid.*

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, --- U.S. ---, ---, 130 S. Ct. 1855, 1862 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached" (internal quotation marks and citations omitted)); *see also Peak*, 673 F.3d at 473-74; *Bray v. Andrews*, 640 F.3d 731, 737-39 (6th Cir. 2011); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1398 (2011).

A.

The petitioner first argues that he was denied his right to adequate notice of the charges against him when the prosecutor changed the date of the offense by one year during state post-conviction proceedings. The respondent asserts that the state appellate court reasonably decided the claim.

The Due Process Clause guarantees a criminal defendant the right to be informed of the nature of the accusations against him. *See Lucas v. O'Dea*, 179 F.3d 412, 417 (6th Cir. 1999). "No

-6-

principle of procedural due process is more clearly established than that notice of the specific charge. . . ." *Cole v. Arkansas*, 333 U.S. 196, 201 (1948). That right is a fundamental feature of due process protected by the Fourteenth Amendment and therefore applies to state prosecutions. *In re Oliver*, 333 U.S. 257, 273 (1948). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v. McFaul*, 843 F.2d 918, 930 (6th Cir. 1988). An indictment that "fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986); *Dell v. Straub*, 194 F. Supp. 2d 629, 653-54 (E.D. Mich. 2002). But an accused's constitutional right to notice of the criminal charge or charges brought against him can be satisfied by other means, such as a bill of particulars, a preliminary examination, and criminal pre-trial discovery. *United States v. Abernathy*, No. 08-20103, 2009 WL 2843917, at *1 (E.D. Mich. Sept. 1, 2009) (citing *Dowell v. Lensing*, 805 F. Supp. 1335, 1343 (M.D. La. 1992) (stating that "it is equally true, at least in the context of federal habeas corpus review, that the question of whether the accused was denied the right to be informed of the charge against him does not turn exclusively upon the content of the indictment or information. . . . [T]he accused's constitutional right to notice . . . can be satisfied by the availability of other means of obtaining notice of the factual or legal basis of the charge against him, such as a bill of particulars, a preliminary examination and criminal pre-trial discovery" (footnote omitted))).

The Michigan Court of Appeals determined that the evidence disclosed in discovery and the trial testimony furnished sufficient clues as to the actual date of the charged offense. That court explained:

> According to the police report, the victim was born on September 13, 1993. The victim stated at trial that the offense occurred during the winter of 2004 and that during that winter he was 11 years old. The victim did not turn 11 until September 13, 2004, which means that if the rape did occur in the winter that the victim was 11, it must have happened in the winter of late 2004/early 2005. Furthermore, at the time of trial in March 2006, the victim was in the fifth grade. He testified that he was in the fourth grade when he was raped. Unless he was held back, which the evidence does not establish, the victim would have been in fourth grade in January 2005, not January 2004. Had defendant analyzed the testimony of the victim, it would have been clear that the victim was alleging that he was raped in January 2005. Accordingly, any confusion regarding the date of the offense was not the result of a lack of notice, but the result of defendant's poor trial preparation.

*Stevenson*, 2007 WL 4548071, at *1.

This Court is not convinced that the state court of appeals correctly determined that the petitioner had fair notice of the date of the charged offense, but the state court's decision is not so unreasonable that fairminded jurists could not disagree. *See Harrington*, 131 S. Ct. at 786. As the state court asserted, there were ample pretrial indications that victim maintained that the crime occurred in the winter of 2004-2005. The criminal information charged the petitioner with committing the offense during "winter 2004." That document was ambiguous because every "winter" straddles two calendar years. But the evidence presented at the preliminary examination fairly informed the petitioner that the victim was referring to the winter of 2004-2005. The victim testified that at the time of the preliminary examination, which was held on December 13, 2005, he was twelve years old and in the fifth grade. He testified that the assault occurred when he was eleven years old and in the fourth grade. During the winter of 2003-2004, the victim would have been ten years old and in the third grade.

Confusion was injected into the case by the trial prosecutor. He chose to narrow the period to January of 2004, and he based his theory of the case on that time frame. He perpetuated the confusion when he used a leading question to ask the victim about the sexual assault, stating, "And

-8-

that was last year, 2004, right?", to which the victim answered, "Yes." To the young victim, the term "last year" could easily have meant the previous school year instead of the previous calender year. But in any event, the reference to being eleven years old and in the fourth grade clearly pointed to the winter of 2004-2005.

There are two ways to look at the prosecutor's error. It could have been a deliberate attempt to mislead the defense so that the alibi evidence would misfire. But there is no evidence that the prosecutor intended to author the confusion, instead of falling victim to it. One also could conclude that the trial prosecutor's curious decision to argue that the assault occurred in January of 2004 was a mistake that defense counsel attempted to exploit by presenting a strong alibi defense for the incorrect time-frame. Under that scenario, there would be no question that the petitioner had adequate notice of the date of the offense.

Because both of these views are reasonable, the Court cannot say that the state court unreasonably applied the Supreme Court's due process jurisprudence. Therefore, the petitioner has not shown that he is entitled to habeas relief under 28 U.S.C. § 2254(d)(1). *See Peak*, 673 F.3d at 473-74.

B.

The petitioner's second claim logically flows from the first. He says that he was denied the effective assistance of counsel at trial because his lawyer presented an alibi defense for the wrong date and failed to ascertain the correct date of the offense. The state trial court was set to hold a hearing on that claim, but after the petitioner's school attendance records for the 2003-2004 academic year were obtained, the appellate prosecutor asserted that the offense occurred in the winter of 2004-2005. The petitioner then abandoned the request for a hearing on his ineffective assistance of counsel claim and instead argued that he was entitled to a new trial because the

-9-

prosecutor effectively and belatedly changed the date of the charged offense. The trial court denied the motion, and the petitioner then presented his ineffective assistance of counsel claim in the Michigan Court of Appeals based on the existing record. That court rejected the claim on the merits, and the respondent asserts that habeas relief is barred because that decision was not unreasonable.

The two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs the Court's analysis of ineffective-assistance-of-counsel claims. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). "To establish ineffective assistance of counsel 'a defendant must show both deficient performance by counsel and prejudice.'" *Premo v. Moore*, --- U.S. ---, ---, 131 S. Ct. 733, 739 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

Because of the high deference accorded state court determinations by AEDPA, establishing that counsel was ineffective and, therefore, the petitioner was denied his right to counsel under the Sixth Amendment is difficult. The Supreme Court explained recently:

> "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ---, ---, 130 S. Ct. 1473, 1485 (2010). . . . The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690.
>
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id*., at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ---, 129 S. Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ---, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington*, 131 S. Ct. at 788.

-10-

On habeas review, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'" *Knowles*, 556 U.S. at 123 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Moreover, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Ibid.* (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

When the Michigan Court of Appeals confronted the issue, it decided it on the prejudice prong alone and found none. The court reasoned:

> Were we to find that defense counsel's performance was deficient because he failed to ask the trial court to order the prosecutor to name the specific date of the offense, *People v. Naugle*, 152 Mich. App. 227, 233; 393 N.W.2d 592 (1986), we would nonetheless hold that defendant has failed to show prejudice. Like defense counsel, the prosecutor did not realize until after trial that the actual date of the offense was January 2005. Consequently, the jury only heard evidence relating to January 2004, at which time defendant was not living in Detroit. Despite being under the impression that the rape occurred in January 2004, while defendant was enrolled in school in Pittsburgh, the jury apparently found the victim's testimony so credible that it found defendant guilty despite his alibi. Had defense counsel discovered the true date of the offense, defendant has not shown that he could have presented a more persuasive defense than his unsuccessful alibi. As a result, defendant has failed to show that he was prejudiced by counsel's performance.

*Stevenson*, 2007 WL 4548071, at *2.

The petitioner's arguments address two alternate theories of deficient performance: (1) the failure to present a complete alibi defense for the winter of 2003-2004, and (2) the failure to seek a bill of particulars to determine the correct time frame for the offense. The state appellate court's decision can be read to find no prejudice for either of those missteps. That decision did not unreasonably apply *Strickland*.

The petitioner did not show a reasonable probability that the result of his trial would have been more favorable if he presented additional evidence in support of his alibi defense. At trial, the

-11-

petitioner's grandmother testified that the petitioner lived with her in Detroit from December 2002 until June 2003. She then sent him to Pittsburgh to stay with his father, and, according to her, with the exception of Mother's Day 2004, he did not return to Detroit until September of 2004. The defense presented copies of the petitioner's report card from his Pittsburgh school for the 2003-2004 school year, and a newspaper article showing that he was on the school's track team. The witness conceded that she would not necessarily have known if the petitioner snuck back to Detroit at some point in January of 2004 to visit his mother. It is not clear how more school records would have altered the jury's conclusion.

After the petitioner filed his motion for new trial, the appellate prosecutor conceded that an evidentiary hearing would be appropriate with respect to the ineffective-assistance-of-counsel claim, but the petitioner abandoned his request. At that point, the only evidence the petitioner offered to show that a better alibi defense could have been presented for the winter of 2003-2004 were copies of the petitioner's school attendance records in Pittsburgh. Those records do not provide a complete alibi, however. They reveal multiple full-day absences, some of which were unexcused, for the relevant time period. The proffered additional alibi evidence does not fill in the gaps left by the petitioner's grandmother's testimony. The state court's determination that no prejudice was shown is not unreasonable.

The petitioner has not shown that he was prejudiced by his trial counsel's failure to request a bill of particulars and then present a defense for the winter of 2004-2005. Despite being given the opportunity to present evidence in the state court in support of his new trial motion, the petitioner has never suggested any theory of defense for the latter time frame. Even in his current petition, the petitioner does not allege or point to evidence that he had an alibi for the winter of 2004-2005.

The petitioner asks rhetorically, ""How can presenting an alibi for the wrong date not be prejudicial to the defendant?" Pet.'s Br. at 15. The answer was furnished by the state court of appeals. When the trial prosecutor mistakenly chose to try the case on the theory that the offense occurred in the winter of 2003-2004, it was a fortuitous turn of events for the petitioner because he lived in Pittsburgh during that school year. Rather than correct the prosecutor and be forced to defend a time frame for which he apparently had no defense, defense counsel took advantage of the mistake and presented a substantial alibi. The jury did not accept it and chose to believe the victim's testimony. The prosecutor's mistake, therefore, was inconsequential, and the post-trial litigation never changed that fact. The state court's conclusion reasonably applied *Strickland*'s prejudice prong. The petitioner is not entitled to habeas relief on his ineffective-assistance-of-counsel claim.

III.

The state courts' decisions in this case were not contrary to federal law, did not unreasonably apply federal law, and did not amount to an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

    s/David M. Lawson
    DAVID M. LAWSON
    United States District Judge

Dated: July 30, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 30, 2012.

    s/Deborah R. Tofil
    DEBORAH R. TOFIL