UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN DEANDRE STEVENSON,

        Petitioner,                  Case Number 09-13358
                                                          Honorable David M. Lawson

v.

CINDI S. CURTIN,

        Respondent.
_____/

## ORDER GRANTING CERTIFICATE OF APPEALABILITY

Petitioner Adrian Deandre Stevenson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a). Afer the petitioner was found guilty by a jury in the Wayne County, Michigan circuit court, the court sentenced him to 45 to180 months in prison. The petition raised two claims: (1) the petitioner's rights under the Due Process Clause were violated because he did not receive adequate notice of the charges when the prosecutor changed the date of the offense during post-conviction proceedings; and (2) he was deprived of the effective assistance of counsel when his trial counsel presented alibi evidence for the wrong time period and failed to ascertain the correct date of the offense. The Court found that neither of the petitioner's claims had merit and denied the petition.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but

>   may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court, although it did not necessarily agree with the state court's decision, held that the state court's adjudication of the petitioner's due process claim was not unreasonable because there were ample pretrial indications that victim maintained that the crime occurred in the winter of 2004-2005. *United States v. Abernathy*, No. 08-20103, 2009 WL 2843917, at *1 (E.D. Mich. Sept. 1, 2009) (citing *Dowell v. Lensing*, 805 F. Supp. 1335, 1343 (M.D. La. 1992) (stating that "it is equally true, at least in the context of federal habeas corpus review, that the question of whether the accused was denied the right to be informed of the charge against him does not turn exclusively upon the content of the indictment or information. . . . [T]he accused's constitutional right to notice . . . can be satisfied by the availability of other means of obtaining notice of the factual or legal basis of the charge against him, such as a bill of particulars, a preliminary examination and criminal pre-trial

discovery")).  The Court believes that reasonable jurists could debate the outcome of this issue and, therefore, will grant a certificate of appealability on this issue.

The Court denied the petitioner's ineffective assistance claim because the petitioner did not establish prejudice; he did not show a reasonable probability that the result of his trial would have been more favorable if he presented additional evidence in support of his alibi defense, nor did he show that he was prejudiced by his trial counsel's failure to request a bill of particulars and then present a defense for the winter of 2004-2005.  The Court finds that reasonable jurists could disagree.  The Court will grant a certificate of appealability on this issue as well.

Accordingly, it is **ORDERED** that a certificate of appealability is **GRANTED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   July 30, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 30, 2012.

s/Deborah R. Tofil  
DEBORAH R. TOFIL